IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SCHNEIDER NATIONAL CARRIERS, INC.

    Plaintiff,

v.                                             CASE NO. 1:18-cv-172-AW-GRJ

BRIANNA ROBINSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Renewed Motion for Default Judgment, ECF No. 18, and Renewed Motion for Entry of Final Judgment, ECF No. 19. Notwithstanding proper service of Plaintiff's pleadings (the Complaint and the First Amended Complaint) and notice of subsequent proceedings, Defendant has elected not to participate in this case. ECF Nos. 6, 18-1. On July 21, 2020, the undersigned conducted a remote evidentiary hearing on Plaintiff's motion, namely to determine an appropriate award of damages. ECF No. 21. The instant motion is, therefore, ripe for consideration. For the reasons explained below, it is respectfully **RECOMMENDED** that Plaintiffs' motions should be **GRANTED**.

## I. BACKGROUND

This is a negligence case arising from an automobile accident. On May 16, 2016, Defendant lost control of her vehicle while driving southbound on Interstate 75 near Mile Marker 405 in High Springs, Fla. ECF No. 16 at 2. Plaintiff's employee, who was operating a tractor-trailer behind Defendant, "had to maneuver [the truck] to avoid striking Defendant's motor vehicle, causing it to strike the median and tip on its driver's side and causing severe damages to the [t]ruck." *Id.*

Plaintiff filed suit in this Court on September 6, 2018. ECF No. 1. Defendant was served with the Complaint on November 14, 2018, ECF Nos. 6, 7, but did not enter an appearance or otherwise respond, ECF No. 8. Plaintiff moved for a Clerk's default, ECF No. 11, which was entered on April 29, 2019, ECF No. 12. To correct a jurisdictional defect, Plaintiff filed the First Amended Complaint on February 12, 2020, ECF No. 16, which was served on Plaintiff via regular and certified mail, ECF No. 18-1.

Plaintiff moves now for default judgment, ECF No. 18, and "for entry of final judgment," ECF No. 19, the latter of which the Court construes as a motion for judgment on the pleadings. These motions are duplicative.[1]

---

[1] *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1331 (11th Cir. 2014) ("A rose is a rose is a rose is a rose. And a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of

Plaintiff seeks "an order granting default judgment in its favor and awarding it damages in the amount of [$105,678.03] plus interest at the statutory rate[.]" ECF No. 18 at 2.[2] In support thereof, Plaintiff filed an affidavit by Amy Heroux addressing eight categories of financial damages: (1) lading damage; (2) cargo tow expenses; (3) incidental damages; (4) the actual cash value of the tractor (which Plaintiff deems a total loss); (5) loss of use of the tractor; (6) tractor tow expenses; (7) the actual cash value of the trailer (which Plaintiff deems a total loss); and (8) loss of use of the trailer. ECF No. 19-1.

The district court determined that Plaintiff has stated a claim for negligence against Defendant and referred this matter to the undersigned for an evidentiary hearing to assess the request for an award of compensatory damages. ECF No. 20. The undersigned held a remote evidentiary hearing on July 21, 2020, using videoconferencing technology. ECF No. 22.[3] Plaintiff's counsel appeared and presented the testimony of

---

default judgment—even if its writer calls it a motion for judgment on the pleadings." (alterations adopted and footnote citation omitted)).

[2] Plaintiff also requests an award of "reasonable attorney's fees as provided for in the agreement." ECF No. 18 at 2. This, however, seems to be an error because there is no agreement for attorney's fees before the Court. In any event, the Court will not address this request further because Plaintiff has not presented evidence in support of an award of attorney's fees.

[3] In the order setting this hearing, ECF No. 21, the Court directed Plaintiff's counsel to serve a copy of the order on Defendant by certified mail. At the hearing, Plaintiff's counsel

two witnesses—Ms. Heroux and Brian Glaser. *Id.* Defendant did not appear, nor did she notify the Court of an intent to participate.

## II. LEGAL STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there 'is a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (*quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[4]).

Although a defaulted defendant is deemed to have admitted well-pleaded allegations of fact as to liability, the Court must determine the "amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Ensley v. Gene's Wrecker Service, Inc.*, No. 3:16-cv-713-MCR-CJK, 2019 WL 339630, at *1 (N.D. Fla. Jan. 27, 2019) ("[E]ven in the context of a default judgment, a court has an obligation to assure that there is a

---

represented that he complied with this directive, was awaiting a delivery receipt, and would file the receipt with the Court when returned to him.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

legitimate basis for any damage award it enters."). The plaintiff has the burden of proving entitlement to and the amount of damages. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).

The Court may take into account affidavits and such other evidence as it deems necessary. Fed R. Civ. P. 55(a). Further, "The [C]ourt may conduct hearings or make referrals … when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

## III.  DISCUSSION

Generally speaking, the injured party in a negligence action is entitled to compensatory damages that "redress the concrete loss … the plaintiff has suffered by reason of the defendant's wrongful conduct." *Cooper Indus., Inc. v. Leatherman Tool Grp.*, 532 U.S. 424, 432 (2001).[5] These

---

[5] *See also Mercury Motors Exp., Inc. v. Smith*, 393 So. 2d 545, 547 (Fla. 1981) ("The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money."); *Fla. Standard Jury Instructions (Civil)* 501.1(b) ("[I]f the greater weight of the evidence supports [the plaintiff's] claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows will fairly and adequately compensate him for his injury or damage, including any damages that [the plaintiff] is reasonably certain to incur or experience in the future."); Restatement (Second) of Torts § 903(a) (1979) ("When there has been harm only to the pecuniary interests of a person, compensatory damages are designed to place him in a position substantially equivalent in a pecuniary way to that which he would have occupied had no tort been committed.").

are the damages Plaintiff seeks, and it has carried its burden of establishing the amount.

Plaintiff's claims for lading damage ($31,498.58), cargo tow expenses ($7,320.40), incidental damages ($1,942.00), and tractor tow expenses ($9,668.60) are calculated easily because Plaintiff provided receipts. Plaintiff was charged for the damaged lading (read: "cargo") by its customer, Miller Brewing.  ECF No. 19-1 at 4.  Plaintiff's "incidental damages" represent a payment to DBI Services, LLC, on behalf of the Florida Department of Transportation, for the costs of damage repair and incident response caused by the automobile accident.  *Id.* at 12–13.  Lastly, Plaintiff paid to tow the damaged cargo and trailer from the accident scene. *Id.* at 10–11, 21.  Plaintiff, therefore, should be awarded compensatory damages for these claims.

Plaintiff's calculations for damages pertaining to the actual cash value and loss of use of the damaged tractor and trailer are more subjective, but they are well-founded in view of the testimony of Plaintiff's witnesses.  Ms. Heroux is a Claims Manager for INS, Plaintiff's captive insurance carrier. She has been an employee of INS for more than eight years and has worked in the subrogation department for four years.  Mr. Glaser is Plaintiff's Equipment Maintenance Service Manager.

According to Ms. Heroux, Plaintiff is seeking the actual cash value of the tractor and the trailer because they are "total losses" compared to the costs of repair. *See* ECF No. 19-1 at 14–18 (trailer repair estimate totaling $41,263.30); *id.* at 22–23 (tractor repair estimate totaling $21,341.74). Ms. Heroux and Mr. Glaser explained that Plaintiff estimated the actual cash value of the tractor ($45,819.42) and the trailer ($7,151.45) based on comparable sales of similar units and information from the National Automobile Dealers Association. *See id.* at 4, 24. Mr. Glaser said this process is used by Plaintiff "on a daily basis," presumably when dealing with other damaged vehicles. Moreover, Plaintiff offset the proposed actual cash value by the estimated "salvage allowance" from selling salvageable parts of the damaged tractor and trailer. The undersigned concludes that the testimony of Ms. Heroux and Mr. Glaser was credible and based on their experience with similar claims, that the damaged tractor and trailer are total losses compared to the costs of repair, and that Plaintiff should be entitled to the proposed actual cash value of the tractor and the trailer.

Ms. Heroux testified further regarding Plaintiff's claims for loss of use of the tractor and the trailer. She stated that Plaintiff assesses this cost as the product of: (1) the estimated net revenue from the use of a similar vehicle per day in the fiscal quarter the accident occurred; and (2) the

7

number of working days the vehicle is not used (up to a maximum of 14 days). See id. at 20 (loss of use claim for the damaged tractor totaling $2,906.88); id. at 25 (loss of use claim for the damaged trailer totaling $2,170.70). Ms. Heroux referred to the formula as an "industry standard." The undersigned concludes that Plaintiff should be entitled to damages for the loss of use of the tractor and the trailer as calculated by Plaintiff.

Finally, Plaintiff requests the Court award "interest" on the compensatory damages "at the statutory rate." The Court construes this as a request for *post-judgment* interest. Federal law governs entitlement to and the amount of post-judgment interest, even in this diversity case. *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991); *Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1257 n.12 (S.D. Fla. 2017). Therefore, the Court must turn to the federal interest statute, 28 U.S.C. § 1961. Section 1961(a) provides, in pertinent part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." § 1961(a). Consequently, an award of post-judgment interest calculated at the federal rate[6] and accruing from the date of the entry of the judgment is appropriate.

---

[6] The post-judgment interest rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

8

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Renewed Motion for Default Judgment, ECF No. 18, and Renewed Motion for Entry of Final Judgment, ECF No. 19, should be **GRANTED**.  The Court should **DIRECT** the Clerk to enter a final default judgment against Defendant for $105,678.03 in compensatory damages plus post-judgment interest to accrue at the applicable federal rate.

**IN CHAMBERS** this 23rd day of July 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.